UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL BERRY,

    Petitioner,                           Civil No. 2:16-CV-10087
                                               HONORABLE NANCY G. EDMUNDS
v.                                                UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Denzel Berry, ("Petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(c); first-degree home invasion, M.C.L.A. 750.110a(2); unarmed robbery, M.C.L.A. 750.530; assault with intent to do great bodily harm, M.C.L.A. 750.84; and assault with intent to commit criminal sexual penetration, M.C.L.A. 750.520g(1). For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

## I. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

    The underlying facts of this case involve the rape of an elderly woman. After

1

the crime occurred, the police were contacted and the victim was transported to the hospital. A rape kit was performed, which included obtaining oral, anal, and vaginal swabs from the victim. The kit was eventually delivered to the Lansing state police crime lab for processing. Defendant's claim of error arises from use of the DNA obtained from the rape kit to identify defendant through the CODIS [Combined DNA Indexing System] database.

Nicole Graham, a forensic scientist at the Lansing state police lab and CODIS administrator, testified at trial. Graham explained that CODIS is a nationwide pool of DNA profiles. When Graham receives a sample from a case, such as the one obtained in this case from the rape kit, an evidence profile is created for the sample (a casework sample), and searched against the pool of already existing evidence profiles, which come primarily from convicted offenders and arrestees. Graham handled all of the CODIS "hits" for the Lansing lab; a hit means that two profiles are found to match each other. Graham testified that each time a match was made in CODIS, she would be notified by the computer that a certain casework sample matched an offender's profile. CODIS samples are searched every Monday, and Graham receives a list of matches. Graham then contacts the CODIS unit to confirm the match. The CODIS unit would pull the DNA sample that was originally identified, enter it again into CODIS, and rerun it to make sure they got the same result.

On April 4, 2013, Graham received notification that the vaginal swab sample she submitted for the victim got a "hit" for defendant, whose DNA sample was already in the CODIS database. She then contacted the CODIS unit to confirm the match, and received notification formally from the unit providing defendant's identifying information. Graham passed this information on to Dave VanSingel, the officer in charge of defendant's case. Graham requested a new, known sample from defendant for confirmation. She ran this sample against the casework sample and obtained a match.

*People v. Berry*, No. 320793, 2015 WL 2214550, at \*1 (Mich. Ct. App. May 12, 2015)(internal footnote omitted).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 498 Mich. 921, 871 N.W.2d 193 (2015).

Petitioner seeks a writ of habeas corpus on the following ground:

I. Petitioner was denied his Sixth and Fourteenth Amendment rights to confrontation and crossexamination and fair trial by hearsay evidence of confirmation that the CODIS system matched his DNA with DNA taken from the victim, AK.

Respondent has filed an answer in opposition to the petition for writ of habeas corpus, which is construed in part as a motion to dismiss on the basis that the claim is barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that petitioner's claim is procedurally defaulted, because petitioner failed to object to the admission of the hearsay evidence at trial and the Michigan Court of Appeals relied on this failure to preserve the error in affirming petitioner's conviction.

The Michigan Court of Appeals found that petitioner had failed to preserve the Confrontation Clause error at the trial level. *People v. Berry,* 2015 WL 2214550, at * 2. Consequently, the Michigan Court of Appeals reviewed petitioner's claim solely for plain error and finding none, affirmed his conviction. *Id.* at * 2-3.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

3

However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his Confrontation Clause claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). The fact that petitioner is raising a federal constitutional claim does not alter this Court's analysis. Indeed, the Sixth Circuit has held that even a state court's plain error review of federal constitutional claims, as opposed to mere state law claims, is sufficient to constitute a procedural default of a such claims. *See Girts v. Yanai,* 501 F. 3d 743, 755 (6th Cir. 2007). The right to confrontation may be waived, including by a failure to object to the "offending evidence." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314, n. 3 (2009). Thus, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *Pearl v. Cason,* 219 F. Supp. 2d 820, 828

(E.D. Mich. 2002). Petitioner's claim is procedurally defaulted.

In the present case, petitioner has offered no reasons for his failure to object to the admission of hearsay evidence concerning the confirmation of the initial CODIS "hit." Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533. Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, petitioner's claim is procedurally defaulted. *Pearl v. Cason,* 219 F. Supp. 2d at 828.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claim would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee*, 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's claim on direct appeal and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claim has any merit. In particular, the reasons justifying the denial of petitioner's procedurally defaulted claim were "ably articulated by the" Michigan Court of Appeals in rejecting petitioner's claim, thus, the issuance of a full written opinion" by this Court regarding this claim "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins*, 328 Fed. Appx. 323, 324 (6th Cir. 2009).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                               s/ Nancy G. Edmunds
                                     **HONORABLE NANCY G. EDMUNDS**
                                     **UNITED STATES DISTRICT JUDGE**

**Dated: September 12, 2016**